UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DWAYNE WEBSTER,

                Plaintiff,

v.

AUTOZONE DEVELOPMENT LLC,
AUTOZONE STORES LLC,
AUTO-ZONE, INC., CALEB MILTON,
DAVID BERTRAM, SIDNEY
PALLASCHKE, JARED LLOYD, CITY
OF ST. CLAIR SHORES, a municipal
corporation, MAYOR KIP C. WALBY,
acting in his official and individual
capacities, TODD WOODCOCKS, acting in
his official and individual capacities as
former Chief of the St. Clair Shores Police
Department, St. Clair Shores Police Officer
MITCH MORANO, St. Clair Shores Police
Officer GLEN HARTMAN, and St. Clair
Shores Police Detective PAUL
DLUGOKENSKI,

                Defendants.

Case No.: 23-cv-13033

Hon.

_____/

**Joseph A. Campbell, II P-82540**
*Campbell Law, PLLC*
Attorney for Plaintiff
42477 Garfield Road
Clinton Township, Michigan
(586) 909-3555
joseph@jacjustice.com

**Holland Locklear P-82236**
*Law Offices of Holland Locklear, PLLC*
Attorney for Plaintiff
607 Shelby Street, Suite 725
Detroit, Michigan 48226

(833) 424-4466
holland@locklearlegal.com

_____/

## COMPLAINT AND JURY DEMAND

> There is no other civil action between these parties
> arising out of the same transaction or occurrence as
> alleged in this Complaint pending in this Court, nor
> has any such action been previously filed and
> dismissed or transferred after having been assigned
> to a judge, nor do I know of any other civil action
> between these parties arising out of the same
> transaction or occurrence as alleged in this
> Complaint that is either pending or was previously
> filed and dismissed, transferred or otherwise
> disposed of after having been assigned to a Judge in
> this Court.

NOW COMES Plaintiff, DWAYNE WEBSTER, by and through his
attorneys, Campbell Law, PLLC, and Law Offices of Holland Locklear, PLLC, and
for his Complaint against the above-named Defendants, states:

## NATURE OF PLAINTIFF'S CLAIMS

1.     This lawsuit arises from Defendants' violation of Plaintiff's federal
constitutional and statutory rights, as well as Plaintiff's rights under Michigan's anti-
discrimination statute and common law, stemming from Defendants' unlawful and
racially discriminatory arrest without probable cause and subsequent malicious
prosecution of Plaintiff due to Plaintiff's race as an African American.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

3.     This Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201 and 2202 and Fed. R. Civ. P. 57 and 65.

4.     This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367. The pendant state claims are part of the same case or controversy and do not predominate or raise novel or complex issues.

5.     Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as most or all events giving rise to the claims occurred in the Eastern District of Michigan, as well as Plaintiff and Defendants reside in the Eastern District of Michigan.

## PARTIES

6.     Plaintiff, an African American man, is a resident of the State of Michigan, County of Macomb, Township of Clinton.

7.     Defendants AUTOZONE DEVELOPMENT LLC, AUTOZONE STORES LLC, and/or AUTO-ZONE, INC. (referred to in this Complaint collectively and alternatively as "AUTOZONE DEVELOPMENT LLC") is a retailer and distributor of automotive replacement parts organized under the laws of the state of Michigan, and owns and operates an auto parts retail store located at

31009 Harper Avenue, St. Clair Shores, Michigan, in the County of Macomb (Store #4332).

8.     Defendant CALEB MILTON, a white man, is and/or was at all relevant times, an employee, or otherwise an agent of, Defendant AUTOZONE DEVELOPMENT LLC, and was District Manager for Defendant AUTOZONE DEVELOPMENT LLC'S stores, including Store #4332. As District Manager, Defendant CALEB MILTON, is and/or was at all relevant times, the supervisor for Defendants SIDNEY PALLASCHKE and JARED LLOYD, with supervisory capacity, including capacity to hire, fire and/or retain. Upon information and belief, Defendant CALEB MILTON lives in Macomb County, Michigan.

9.     Defendant DAVID BERTRAM, a white man, is and/or was at all relevant times, an employee, or otherwise an agent of, Defendant AUTOZONE DEVELOPMENT LLC, and was District Manager for Defendant AUTOZONE DEVELOPMENT LLC'S stores, including Store #4332. As District Manager, Defendant DAVID BERTRAM, is and/or was at all relevant times, the supervisor for Defendants SIDNEY PALLASCHKE and JARED LLOYD, with supervisory capacity, including capacity to hire, fire and/or retain. Upon information and belief, Defendant DAVID BERTRAM lives in Macomb County, Michigan.

10.     Defendant SIDNEY PALLASCHKE, a white man, is and/or was at all relevant times, employed by Defendant AUTOZONE DEVELOPMENT LLC at Store #4332.

11.     Defendant JARED LLOYD, a white man, is and/or was at all relevant times, employed by Defendant AUTOZONE DEVELOPMENT LLC at Store #4332. Defendant LLOYD is, and/or was at all relevant times, Defendant PALLASCHKE's manager and supervisor at all relevant times.

12.     Defendant CITY OF ST. CLAIR SHORES is a municipal corporation duly organized and existing under the Constitution and laws of the State of Michigan. At all relevant times, it is and has been, authorized by law to maintain and operate the St. Clair Shores Police Department. By and through its agents, including, but not limited to, Defendants MAYOR KIP C. WALBY and CHIEF OF POLICE TODD WOODCOCKS, Defendant CITY OF ST. CLAIR SHORES, acting through these official policy makers, established, promulgated and implemented the policies, customs and practices, written and unwritten, of the St. Clair Shores Police Department, with regard to conducting criminal investigations, as well as hiring, firing, training, supervision, and discipline of its police officers.

13.     Defendant MAYOR KIP C. WALBY, a white man, is and/or at all relevant times was, the Mayor of, and an official policymaker for, Defendant CITY OF ST. CLAIR SHORES and was directly involved in the establishment,

promulgation, and continuation of the customs, policies, and practices that caused the injuries and damages to Plaintiff set forth here. He is sued in his individual and official capacities.

14.     Defendant former Police Chief TODD WOODCOCKS, a white man, is and/or at all relevant times was, at all relevant times, the Police Chief of, and an official policy maker for, the St. Clair Shores Police Department, and was directly involved in the establishment, promulgation, and continuation of the customs, policies, and practices that caused the injuries and damages to Plaintiff set forth here. He is sued in his individual and official capacities.

15.     Defendant Officer MITCH MORANO,  a white man, is, and/or at all relevant times was, a St. Clair Shores Police Officer who was employed by Defendant CITY OF ST. CLAIR SHORES, and acting pursuant to his authority on its behalf. He is sued in his individual capacity.

16.     Defendant Officer GLEN HARTMAN, a white man, is, and/or at all relevant times was, a St. Clair Shores Police Officer who was employed by Defendant CITY OF ST. CLAIR SHORES, and acting pursuant to his authority on its behalf. He is sued in his individual capacity.

17.     Defendant Detective PAUL DLUGOKENSKI, a white man, is, and/or at all relevant times was, a supervisory police officer of the Defendant CITY OF ST.

CLAIR SHORES, and/or the St. Clair Shores Police Department, acting pursuant to his authority on its behalf. He is sued in his individual and supervisory capacities.

## FACTS

18.    Plaintiff, DWAYNE WEBSTER is African American.

19.    At all relevant times, Plaintiff owned and operated businesses providing towing services.

20.    On Monday, January 27, 2020, Plaintiff was shopping for brakes at Defendant AUTOZONE DEVELOPMENT, LLC's auto parts retail store, Store #4332 ("the store").

21.    At the same time, Defendants SIDNEY PALLASCHKE and JARED LLOYD, contacted the St. Clair Shores Police Department, and falsely reported that Plaintiff had stolen a cold air intake kit from the store.

22.    When Defendants SIDNEY PALLASCHKE and JARED LLOYD made their false police reports, they falsely stated that they saw Plaintiff leave the store in the same vehicle as a white male whom they alleged they witnessed carrying a cold air intake kit out of the store without paying for it.

23.    In fact, neither Defendants SIDNEY PALLASCHKE or JARED LLOYD ever saw Plaintiff in the vehicle with the unknown white male.

24. Further, Defendants SIDNEY PALLASCHKE or JARED LLOYD never witnessed Plaintiff and the unknown white male interact with each other in any form or manner.

25. Defendants SIDNEY PALLASCHKE and JARED LLOYD knew, or should have known, that their report against Plaintiff was false.

26. Defendants SIDNEY PALLASCKHE and JARED LLOYD provided the false report against Plaintiff intentionally, and/or with reckless or deliberate disregard for the truth.

27. Defendants SIDNEY PALLASCHKE and JARED LLOYD made the false reports and initiated prosecution against Plaintiff because of Plaintiff's race as an African American.

28. Defendants SIDNEY PALLASCHKE and JARED LLOYD had no cause or suspicion to believe Plaintiff had stolen anything from the store.

29. Defendants SIDNEY PALLASCHKE, and JARED LLOYD's actions of making the false reports against Plaintiff were pursuant to a policy of racial animus against African Americans.

30. Defendants AUTOZONE DEVELOPMENT LLC, SIDNEY PALLASCHKE, JARED LLOYD, and District Manager CALEB MILTON and/or DAVID BERTRAM enforced a custom, policy, and/or practice of anti-Black racial

animus that discriminated against Plaintiff and the public at large. Such custom, policy, and/or practice, included, but is not limited to:

a.    District Manager CALEB MILTON and/or DAVID BERTRAM instituted a policy of heightened surveillance of Black customers, including requiring employees to follow and surveil any Black customers who came into the store to watch and report for theft.

b.    District Manager CALEB MILTON and/or DAVID BERTRAM provided employees with walkie-talkies to use to communicate with each other when they surveil any Black customer who comes into the store.

c.    District Manager CALEB MILTON and/or DAVID BERTRAM referred to Black customers as "niggers."

d.    District Manager CALEB MILTON and/or DAVID BERTRAM instituted a policy of not allowing Black customers to use the bathroom when they ask to do so, and instead, instructed employees to tell any Black customer who asks to use the bathroom that the bathrooms are broken, because District Manager CALEB MILTON and/or DAVID BERTRAM believed they would steal in there.

e.    District Manager CALEB MILTON and/or DAVID BERTRAM, as a matter of standard business practice, used, and enforced employee use

of, code words to refer to customers on the basis of race, including using "Canadians" to refer to Black customers.

f.   That while addressing AUTOZONE DEVELOPMENT LLC employees, Defendants, including, but not limited to SIDNEY PALLASCKE and JARED LLOYD, derogatorily referred to Plaintiff's businesses as a "hip hop hood shop," on numerous occasions, both prior to, and after, falsely reporting Plaintiff to the police.

g.   Defendants SIDNEY PALLASCHKE and JARED LLOYD referred to Plaintiff as "fucking monkey" and "gigaboo."

31.   As result of the false report made by Defendants SIDNEY PALLASCHKE and JARED LLOYD, Defendants Detective PAUL DLUGOKENSKI, Officer MITCH MORANO, and Officer GLEN HARTMAN sought and obtained an arrest warrant for Plaintiff on a charge of felony First Degree Retail Fraud.

32.   Alternatively, Defendants SIDNEY PALLASCHKE and JARED LLOYD, never represented to police that they witnessed Plaintiff in the same vehicle as the unknown white male, and Detective PAUL DLUGOKENSKI, Officer MITCH MORANO, and Officer GLEN HARTMAN falsely stated in their police report and warrant affidavit that Defendants SIDNEY PALLASCHKE and JARED LLOYD reported witnessing Plaintiff in the vehicle with the unknown white male,

in order to fabricate a basis for a finding of probable cause and issuance of an arrest warrant for Plaintiff.

33.     Such warrant lacked probable cause, as Defendants Detective PAUL DLUGOKENSKI, Officer MITCH MORANO, and Officer GLEN HARTMAN made intentional misrepresentations and/or omissions in their warrant affidavit, to fabricate a basis for probable cause, and/or made such misrepresentations and/or omissions with reckless or deliberate disregard for the truth.

34.     Defendants St. Clair Shores Police Department Officers MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKENSKI did not take any action whatsoever to identify, locate, or investigate the unknown white male that walked out of AUTOZONE DEVELOPMENT LLC St. Clair Shores #4332 carrying the cold air intake kit without paying for it.

35.     Defendants St. Clair Shores Police Department Officers MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKENSKI failed to adequately investigate the veracity of the charges against Plaintiff due to Plaintiff's race as an African American.

36.     Defendant St. Clair Shores Police Department Officers MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKENSKI made misrepresentations and omissions in seeking and acquiring the arrest warrant for Plaintiff due to Plaintiff's race as an African American.

37. As a direct and proximate result of Plaintiff's race as an African American, Defendants MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKENSKI's investigation was careless, haphazard, slipshod, and undisciplined, resulting in the unconstitutional seizure and malicious prosecution of Plaintiff, as characterized by, including, but not limited to:

a. Only investigating Plaintiff as a perpetrator of retail fraud and as the individual that stole the cold air intake kit.

b. Failing to confirm or investigate the veracity of Defendants SIDNEY PALLASCHKE and JARED LLOYD's allegations against Plaintiff;

c. Despite having insufficient evidence to infer connection between Plaintiff and the unknown white male, Defendants MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKENSKI unreasonably credited SIDNEY PALLASCHKE and JARED LLOYD's statements despite knowledge of the falsity, or with intentional or reckless disregard for the truth, and sought and obtained an arrest warrant for Plaintiff.

d. Falsely stating in their police report and warrant affidavit that Defendants SIDNEY PALLASCHKE and JARED LLOYD reported having observed Plaintiff in a vehicle with the unknown white male in order to fabricate a basis for a finding of probable cause.

e. While undertaking their investigation and subsequent prosecution of Plaintiff, Defendant St. Clair Shores Police Department Officers MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKSENSKI:

    i. Made material misrepresentations and/or omissions that falsely established connections between Plaintiff and the unknown white male in their incident report and warrant request.

    ii. Made material misrepresentations and/or omissions that falsely placed Plaintiff in a negative light.

    iii. Never investigated the veracity of, or completely fabricated the fact of, Defendants SIDNEY PALLASCHKE and JARD LLOYD's statements that they witnessed Plaintiff leave the store in the same vehicle as the unknown white male.

38. Defendants MITCH MORANO, GLEN HARTMAN and PAUL DLUGOKENSKI's reckless or deliberate disregard for the truth regarding Plaintiff was motived by Plaintiff's race as an African American.

39. Had Plaintiff been a white man, Defendants MITCH MORANO, GLEN HARTMAN and PAUL DLUGOKENSKI would have conducted a more thorough investigation prior to obtaining an arrest warrant, and after prosecution of

the charges commenced, would have employed greater care and caution than was employed with regard to Plaintiff.

40.     During all relevant times, Defendant CITY OF ST. CLAIR SHORES, acting through the St. Clair Shores Police Department and its official policy makers MAYOR KIP C. WALBY and POLICE CHIEF TODD WOODCOCKS created, maintained and/or implemented policies and practices that were, among others, the moving force in the violation of Plaintiff's rights, secured by the fourth and fourteenth amendments of the United States Constitution, including, but not limited to:

    a.  Unlawfully discriminating against members of the public on the basis of race in their provision of police services, including criminal investigations and the rights of all parties therein.

    b.  Instituting charges that lack probable cause against individuals, including Plaintiff, on the basis of race, either intentionally or with reckless disregard for the truth.

    c.  Ratification of unreasonable searches and seizures of individuals, including Plaintiff, by officers who intentionally, or with deliberate or reckless disregard for the truth, make misrepresentations of facts and/or omissions, to create a basis for a finding of probable cause, thereby

adopting those actions as official St. Clair Shores Police Department Policy.

d. Ratification of unlawful discrimination against members of the public on the basis of race in provision of police services by officers of the St. Clair Shores Police Department, including by St. Clair Shores Police Department Officers MITCH MORANO and GLEN HARTMAN, and Detective PAUL DLUGOKENSKI against Plaintiff here, thereby adopting those actions as official St. Clair Shores Police Department policy.

e. Failure to train St. Clair Shores Police Department officers so as to prevent unlawful discrimination on the basis of race in the full and equal enjoyment of police services, thereby adopting those actions as official St. Clair Shores Police Department policy.

f. Failure to train St. Clair Shores Police Department officers so as to prevent seizures and prosecutions without probable cause, disproportionately of Black individuals, thereby assuring widespread continuation of these practices;

g. Failure to investigate St. Clair Shores Police Department officers for unconstitutional discrimination on the basis of race and for unconstitutional seizures resulting in malicious prosecution, or

prosecutions initiated knowingly and/or intentionally without probable cause, or with deliberate or reckless disregard for the truth, thereby assuring widespread continuation of these practices;

h. Failure to discipline St. Clair Shores Police Department officers for unconstitutional discrimination on the basis of race and for unconstitutional seizures resulting in malicious prosecution, or prosecutions initiated knowingly and/or intentionally without probable cause, or with deliberate or reckless disregard for the truth, thereby assuring widespread continuation of these practices.

41.    On March 2, 2020, Plaintiff was arraigned for the false charges of felony First Degree Retail Fraud in the 40th Judicial District Court of Michigan, Case No. DC200104-FY, Hon. Mark. A. Fratarcangeli presiding.

42.    On December 18th, 2020, the felony retail fraud charge against Plaintiff was dismissed after the preliminary examination.

43.    As direct and proximate cause of the conduct described here, Plaintiff was denied his constitutional and civil rights, and was subjected to injuries and damages, including, but not limited to, economic damages, psychological harm, pain, suffering, fear, humiliation, embarrassment, discomfort, anxiety, mental and emotional distress, and other damages in an amount according to proof.

44.     Defendants CITY OF ST. CLAIR SHORES, WALBY, WOODCOCKS, MORANO, HARTMAN, and DLUGOKENSKI's actions were unreasonable, willful, wanton, malicious, and oppressive, and done with deliberate and/or reckless disregard for Plaintiff's constitutional rights.

45.     Defendants CITY OF ST. CLAIR SHORES, KIP C. WALBY and TODD WOODCOCKS' policies, practices, customs, conduct, and acts were a moving force of, and resulted in, irreparable injury to Plaintiff, including but not limited to violation of his constitutional, statutory and common law rights.

46.     An actual controversy exists between Plaintiff and Defendants CITY OF ST. CLAIR SHORES, KIP C. WALBY and TODD WOODCOCKS in that Plaintiff contends that the policies, practices, and conduct of Defendants alleged herein are unlawful and unconstitutional, whereas Plaintiff is informed and believes that Defendants contend that said policies, practices, and conduct are lawful and constitutional. Plaintiff seeks a declaration of rights with respect to this controversy.

47.     The following claims for relief are asserted against Defendants as described below.

**COUNT I**
**Violation of Plaintiff's Right to Full and Equal Enjoyment of the Goods, Services, Facilities, Privileges, Advantages, and Accommodations of a Place of Public Accommodation – Race Discrimination – U.S.C. § 2000a**
**AS TO DEFENDANTS AUTOZONE DEVELOPMENT LLC, AUTOZONE STORES LLC, AUTO-ZONE, INC., CALEB**

## MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE AND JARED LLOYD

48.    Plaintiff incorporates the preceding paragraphs as if fully restated here.

49.    At all relevant times Defendants' actions were subject to the mandates and constraints of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*.

50.    In the early evening hours of January 27, 2020, Plaintiff was lawfully a patron within the Defendant AUTOZONE DEVELOPMENT LLC's auto-parts store, a place of public accommodation within the meaning of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq*.

51.    While in Defendant's store located at 31009 Harper Avenue, St. Clair Shores, Michigan, in the County of Macomb, on January 27, 2020, Plaintiff engaged in no conduct or action, that warranted Defendant AUTOZONE DEVELOPMENT LLC's agents, specifically Defendants SIDNEY PALLASCHKE and JARED LLOYD, to call the police.

52.    Only because Plaintiff is an African American, Defendant AUTOZONE DEVELOPMENT LLC's agents, specifically Defendants SIDNEY PALLASCHKE and JARED LLOYD, called the St. Clair Shores Police Department, and falsely reported that Plaintiff stole a cold air intake kit from their store.

18

53.    Only because Plaintiff is an African American, Defendant AUTOZONE DEVELOPMENT LLC's agents, specifically Defendants SIDNEY PALLASCHKE and JARED LLOYD, called the St. Clair Shores Police Department, and falsely reported witnessing Plaintiff leave their store in the same vehicle as an unknown white male whom they alleged to have witnessed leave the store with a cold air intake kit without paying for it.

54.    In fact, Defendants SIDNEY PALLASCHKE and JARED LLOYD never witnessed Plaintiff in the vehicle with the unknown white male, and never witnessed Plaintiff interact with the unknown white male whatsoever.

55.    Once officers from the St. Clair Shores Police Department arrived on scene at Defendant AUTOZONE DEVELOPMENT LLC's employees, Defendants SIDNEY PALLASCHKE and JARED LLOYD, falsely alleged having observed a history of theft by Plaintiff.

56.    Defendant AUTOZONE DEVELOPMENT LLC's employees, Defendants SIDNEY PALLASCHKE and JARED LLOYD, knew their statements were false when they made them, and/or made them with deliberate or reckless disregard for the truth.

57.    Defendants SIDNEY PALLASCHKE and JARED LLOYD had no reason to believe Plaintiff committed retail fraud as they alleged.

58.   Instead, Defendants SIDNEY PALLASCHKE and JARED LLOYD made such false reports against Plaintiff based on Plaintiff's race as an African American.

59.   As direct and proximate result of Defendants SIDNEY PALLASCHKE and JARED LLOYD's unlawful discrimination against Plaintiff, the responding St. Clair Shores Police Officers, sought and obtained a warrant for Plaintiff's arrest on the charge of felony First Degree Retail Fraud.

60.   Plaintiff's arrest and subsequent prosecution were caused by racial bias and discrimination of Defendant AUTOZONE DEVELOPMENT LLC's employees SIDNEY PALLASCHKE and JARED LLOYD, as they continued their false and malicious prosecution against Plaintiff until charges against him were dismissed.

61.   Further, Plaintiff's arrest and subsequent prosecution were caused by explicit and implicit policies of anti-Black racial bias and discrimination enforced by Defendant AUTOZONE DEVELOPMENT LLC and its supervisors and policy makers, including, but not limited to Defendants CALEB MILTON and DAVID BERTRAM, as described in Paragraphs 30.a. through 30.g., above.

62.     On December 18, 2020, all charges against Plaintiff were dismissed in his favor, as the warrant and charges against him initiated by Defendants AUTOZONE DEVELOPMENT LLC, SIDNEY PALLASCHKE and JARED LLOYD lacked probable cause.

63.     Consequently, Defendant AUTOZONE DEVELOPMENT LLC, and its agents, including Defendants CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE and JARED LLOYD, denied Plaintiff the full and equal enjoyment of Defendant AUTOZONE DEVELOPMENT LLC's auto-parts retail business, a place of public accommodation, on account of his race.

64.     As a direct and proximate cause of the above conduct by Defendant AUTOZONE DEVELOPMENT LLC, and its agents, Defendants, CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE and JARED LLOYD, Plaintiff has sustained injuries and damages, including but not limited to:

     a.  Seizure and loss of liberty.

     b.  Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

     c.  Loss of, and damage to, his reputation.

     d.  Loss of income and business opportunity.

21

  e. Expenses of legal and court fees for his defense.

  f. Medical/mental health expenses past and future.

  g. Other injuries, pain and suffering.

## COUNT II
### Violation of Elliott-Larsen Civil Rights Act – Race Discrimination in a Place of Public Accommodation – M.C.L. § 37.2302
### AS TO DEFENDANTS AUTOZONE DEVELOPMENT LLC, AUTOZONE STORES LLC, AUTO-ZONE, INC., CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE AND JARED LLOYD

65. Plaintiff incorporates the preceding paragraphs as if fully restated here.

66. At all relevant times Defendants' actions were subject to the mandates and constraints of the Michigan Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101, *et seq*.

67. In the early evening hours of January 27, 2020, Plaintiff was lawfully a patron within the Defendant AUTOZONE DEVELOPMENT LLC's auto-parts store, a place of public accommodation within the meaning of M.C.L. § 37.2301(a).

68. While in Defendant's store located at 31009 Harper Avenue, St. Clair Shores, Michigan, in the County of Macomb, on January 27, 2020, Plaintiff engaged in no conduct or action, that warranted Defendant

AUTOZONE DEVELOPMENT LLC's agents, specifically Defendants SIDNEY PALLASCHKE and JARED LLOYD, to call the police.

69.   Only because Plaintiff is an African American, Defendant AUTOZONE DEVELOPMENT LLC's agents, specifically Defendants SIDNEY PALLASCHKE and JARED LLOYD called the St. Clair Shores Police Department, and falsely reported that Plaintiff stole a cold air intake kit from their store.

70.   Only because Plaintiff is an African American, Defendant AUTOZONE DEVELOPMENT LLC's agents, specifically Defendants SIDNEY PALLASCHKE and JARED LLOYD called the St. Clair Shores Police Department, and falsely reported witnessing Plaintiff leave their store in the same vehicle as an unknown white male whom they alleged to have witnessed leave the store with a cold air intake kit without paying for it.

71.   In fact, Defendants SIDNEY PALLASCHKE and JARED LLOYD never witnessed Plaintiff in the vehicle with the unknown white male, and never witnessed Plaintiff interact with the unknown white male whatsoever.

72.   Once officers from the St. Clair Shores Police Department arrived on scene at Defendant AUTOZONE DEVELOPMENT LLC's

employees, Defendants SIDNEY PALLASCHKE and JARED LLOYD, falsely alleged having observed a history of theft by Plaintiff.

73.    Defendant AUTOZONE DEVELOPMENT LLC's employees, Defendants SIDNEY PALLASCHKE and JARED LLOYD, knew their statements were false when they made them, and/or made them with deliberate or reckless disregard for the truth.

74.    Defendants SIDNEY PALLASCHKE and JARED LLOYD had no reason to believe Plaintiff committed retail fraud as they alleged.

75.    Instead, Defendants SIDNEY PALLASCHKE and JARED LLOYD made such false reports against Plaintiff based on Plaintiff's race as an African American.

76.    As direct and proximate result of Defendants SIDNEY PALLASCHKE and JARED LLOYD's unlawful discrimination against Plaintiff, the responding St. Clair Shores Police Officers, sought and obtained a warrant for Plaintiff's arrest on the charge of felony First Degree Retail Fraud.

77.    Plaintiff's arrest and subsequent prosecution were caused by racial bias and discrimination of Defendants AUTOZONE DEVELOPMENT LLC's employees SIDNEY PALLASCHKE and JARED LLOYD, as they

continued their false and malicious prosecution against Plaintiff until charges against him were dismissed.

78.    Further, Plaintiff's arrest and subsequent prosecution were caused by explicit and implicit policies of anti-Black racial bias and discrimination enforced by Defendant AUTOZONE DEVELOPMENT LLC and its supervisors and policy makers, including, but not limited to Defendants CALEB MILTON and DAVID BERTRAM, as described in Paragraphs 30.a. through 30.g., above.

79.    On December 18, 2020, all charges against Plaintiff were dismissed in his favor, as the warrant and charges against him initiated by Defendants AUTOZONE DEVELOPMENT LLC, SIDNEY PALLASCHKE and JARED LLOYD lacked probable cause.

80.    Consequently, Defendant AUTOZONE DEVELOPMENT LLC, and its agents, including Defendants CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE and JARED LLOYD, denied Plaintiff the full and equal enjoyment of Defendant AUTOZONE DEVELOPMENT LLC's auto-parts retail business, a place of public accommodation, on account of his race.

81.    As a direct and proximate cause of the above conduct by Defendant AUTOZONE DEVELOPMENT LLC, and its agents, Defendants, CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE and

JARED LLOYD, Plaintiff has sustained injuries and damages, including but not limited to:

    h.  Seizure and loss of liberty.

    i.  Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

    j.  Loss of, and damage to, his reputation.

    k.  Loss of income and business opportunity.

    l.  Expenses of legal and court fees for his defense.

    m. Medical/mental health expenses past and future.

    n.  Other injuries, pain and suffering.

**COUNT III**
**Abuse of Process**
**AS TO DEFENDANTS AUTOZONE DEVELOPMENT LLC,**
**AUTOZONE STORES LLC, AUTO-ZONE, INC., CALEB**
**MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE AND**
**JARED LLOYD**

82.    Plaintiff incorporates the preceding paragraphs as if fully restated here.

83.    Defendants SIDNEY PALLASCHKE and JARED LLOYD's purpose in causing criminal prosecutions against Plaintiff was for an ulterior motive outside the intended purpose of the ligation.

84.     The purported intended purpose of the criminal prosecution against Plaintiff was to adjudicate criminal charges against Plaintiff supported by probable cause.

85.     However, Defendants SIDNEY PALLASCHKE and JARED LLOYD possessed the ulterior motive outside the intended purpose of the litigation, in the form of their racial bias and animus against Plaintiff.

86.     Further, Defendants SIDNEY PALLASCHKE and JARED LLOYD committed the improper act and/or omission of falsely accusing Plaintiff of committing retail fraud when they knew such accusation was false, and/or was made with reckless disregard for the truth.

87.     Defendants SIDNEY PALLASCHKE and JARED LLOYD's ulterior purpose of anti-Black racial animus was corroborated by acts and/or omissions of Defendants, including, but not limited to:

    a.  Defendants SIDNEY PALLASCHKE and JARED LLOYD falsely reporting a history of bad acts by and ongoing AUTOZONE DEVELOPMENT LLC investigation into Plaintiff;

    b.  Defendants AUTOZONE DEVELOPMENT LLC, CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE, and/or JARED LLOYD's policy of hyper-surveillance and prejudice against Black customers and Defendants SIDNEY PALLASCHKE and JARD

LLOYD's actions above pursuant to that policy, that resulted in their false allegations against Plaintiff.

88.   Defendants AUTOZONE DEVELOPMENT LLC, CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE, and/or JARED LLOYD abused the legal process by using it not to accomplish justice and adjudication of legitimate criminal charges, but to advance their ulterior racist motive.

89.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to:

a.   Seizure and loss of liberty.

b.   Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

c.   Loss of, and damage to, his reputation.

d.   Loss of income and business opportunity.

e.   Expenses of legal and court fees for his defense.

f.   Medical/mental health expenses past and future.

g.   Other injuries, pain and suffering.

**COUNT IV**
**Vicarious Liability**
**AS TO DEFENDANTS AUTOZONE DEVELOPMENT LLC,**
**AUTOZONE STORES LLC, AUTO-ZONE, INC., CALEB**
**MILTON, DAVID BERTRAM AND JARED LLOYD**

90.     Plaintiff incorporates the preceding paragraphs as if fully restated here.

91.     At all relevant times, Defendants CALEB MILTON, DAVID BERTRAM, SIDNEY PALLASCHKE and JARED LLOYD were employees of Defendant AUTOZONE DEVELOPMENT LLC.

92.     As such, at all relevant times to the acts and/or omissions complained of here, Defendant AUTOZONE DEVELOPMENT LLC'S agents, representatives, and employees, including Defendants SIDNEY PALLASCHKE and JARED LLOYD, were acting within the course and scope of their employment.

93.     Moreover, Defendant District Manager CALEB MILTON and/or DAVID BERTRAM, were acting as supervisor(s) for Defendant AUTOZONE DEVELOPMENT LLC's agents, representatives, and employees, including Defendants SIDNEY PALLASCHKE and JARED LLOYD. At the time of the incidents complained of here, Defendant JARED LLOYD was Defendant SIDNEY PALLASCHKE's manager.

94.     Defendant AUTOZONE DEVELOPMENT LLC's and Defendant District Manager CALEB MILTON and/or DAVID BERTRAM, and Defendant JARED LLOYD had certain nondelegable duties to provide Plaintiff with full and equal enjoyment of Defendant AUTOZONE DEVELOPMENT, LLC's business without regard to Plaintiff's race as an African American.

95.     Defendants AUTOZONE DEVELOPMENT LLC's and Defendant District Manager CALEB MILTON and/or DAVID BERTRAM, and Defendant JARED LLOYD are vicariously liable for the acts and/or omissions of their agents/employees that caused injury to Plaintiff by virtue of the doctrine of *respondeat superior*.

96.     Defendants AUTOZONE DEVELOPMENT LLC's and Defendant District Manager CALEB MILTON and/or DAVID BERTRAM, and Defendant JARED LLOYD are further vicariously liable because they knew or should have known that Defendants SIDNEY PALLASCHKE and/or JARED LLOYD engaged in prior, similar acts of discrimination, and knew or should have known of the high likelihood that they would act in accordance with this propensity.

97.     By virtue of Defendants AUTOZONE DEVELOPMENT LLC's and Defendant District Manager CALEB MILTON and/or DAVID BERTRAM, and Defendant JARED LLOYD's special relationship with their agents/servants/employees, Defendants SIDNEY PALLASCHKE and JARED LLOYD here, each failed to use due care to protect Plaintiff from the foreseeable harms caused by their agents/servants/employees.

98.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to:

    a.  Seizure and loss of liberty.

30

    b. Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

    c. Loss of, and damage to, his reputation.

    d. Loss of income and business opportunity.

    e. Expenses of legal and court fees for his defense.

    f. Medical/mental health expenses past and future.

    g. Other injuries, pain and suffering.

**<u>COUNT V</u>**
**Violation of Plaintiff's Fourth Amendment Right to be Free from Unreasonable Seizure – Malicious Prosecution – 42 U.S.C. § 1983**
**<u>AS TO DEFENDANTS MITCH MORANO, GLEN HARTMAN AND PAUL DLUGOKENSKI</u>**

99. Plaintiff incorporates the preceding paragraphs as if fully restated here.

100. At all relevant times, Defendants MITCH MORANO, GLEN HARTMAN and PAUL DLUGOKENSKI acted under the color of state law.

101. As described above, the individually named Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI individually and collectively, pursuant to the customs, policies and/or practices of Defendants CITY OF ST. CLAIR SHORES, Mayor KIP C. WALBY and Chief of Police TODD WOODCOCKS, violated Plaintiff's clearly established right to be free from unreasonable criminal prosecution, and its consequences, without probable cause,

said right being secured by the Fourth and Fourteenth Amendments of the United States Constitution.

102. The individually named Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI, by means of falsehood, and concealment, falsely arrested Plaintiff based on a false claim of retail fraud, and initiated and pursued criminal prosecution against him, all while knowing, and/or, with reckless disregard for the truth, that they did not have probable cause to do so.

103. Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI made material misrepresentations and/or omissions in their police report and warrant affidavit, which were intentional, or done with knowing, deliberate or reckless disregard for the truth, for the purpose of fabricating the basis for probable cause and issuance of an arrest warrant for Plaintiff.

104. As evidence of Defendants' lack of probable cause, the criminal proceeding against Plaintiff for Defendants' concocted charge of retail fraud was resolved in Plaintiff's favor when the charge was dismissed by the 40th Judicial District Court on December 18, 2020.

105. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to:

    a. Seizure and loss of liberty.

b. Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

c. Loss of, and damage to, his reputation.

d. Loss of income and business opportunity.

e. Expenses of legal and court fees for his defense.

f. Medical/mental health expenses past and future.

g. Other injuries, pain and suffering.

## COUNT VI
### Violation of Plaintiff's Fourteenth Amendment Right to Equal Protection – 42 U.S.C. § 1983
### AS TO DEFENDANTS MITCH MORANO, GLEN HARTMAN AND PAUL DLUGOKENSKI

106. Plaintiff incorporates the preceding paragraphs as if fully restated here.

107. Defendants MITCH MORANO, GLEN HARTMAN and PAUL DLUGOKENSKI, both individually and collectively, pursuant to the customs, policies and/or practices of Defendants CITY OF ST. CLAIR SHORES, Mayor Kip C. WALBY and Chief of Police TODD WOODCOCKS, violated Plaintiff's right to the equal protection of the law, in the form of the equal provision of the protection of law enforcement.

108.   The individually named Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI failed to adequately investigate the veracity of the charges against Plaintiff due to Plaintiff's race as an African American, as they would have performed a more thorough and fair investigation if Plaintiff had been white.

109.   The individually named Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI intentionally misrepresented facts to constitute a basis for a finding of probable cause and issuance of an arrest warrant for Plaintiff due to Plaintiff's race as an African American.

110.   The individually named Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI's known, reckless or deliberate disregard for the truth regarding Plaintiff was due to Plaintiff's race as an African American.

111.   As a direct and proximate result of Plaintiff's race as an African American, Defendants MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI's investigation was terrorizing, careless, haphazard, slipshod, and undisciplined, resulting in the unconstitutional seize and malicious prosecution of Plaintiff, as described above.

112.   Defendants MITCH MORANO, GLEN HARTMAN and PAUL DLUGOKENSKI knowingly acted with malice and/or with reckless indifference to Plaintiff's federally protected rights.

113.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to the following:

   a.  Seizure and loss of liberty.

   b.  Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

   c.  Loss of, and damage to, his reputation.

   d.  Loss of income and business opportunity.

   e.  Expenses of legal and court fees for his defense.

   f.  Medical/mental health expenses past and future.

   g.  Other injuries, pain and suffering.

**COUNT VII**
***Monell* Liability**
**42 U.S.C. § 1983**
**AS TO DEFENDANTS CITY OF ST. CLAIR SHORES, MAYOR KIP C. WALBY AND TODD WOODCOCKS**

114.   Plaintiff incorporates the preceding paragraphs as if fully restated here.

115.   At all times herein, Defendant CITY OF ST. CLAIR SHORE, through its Police Department, supervisors and/or policymakers, including but not limited to Defendants Mayor KIP C. WALBY and Chief of Police TODD WOODCOCKS, acting in their official capacities, condoned, established and/or maintained the customs, usages, policies and/or practices, set forth in Paragraphs 40.a. through 40.h., above, each of which was a moving force in the violation of Plaintiff's rights, set forth here.

116.   As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to the following:

a.  Seizure and loss of liberty.

b.  Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

c.  Loss of, and damage to, his reputation.

d.  Loss of income and business opportunity.

e.  Expenses of legal and court fees for his defense.

f.  Medical/mental health expenses past and future.

g.  Other injuries, pain and suffering.

## COUNT VIII
### Supervisor Liability

36

**42 U.S.C. § 1983**
**AS TO DEFENDANTS MITCH MORANO, GLEN HARTMAN AND PAUL**
**DLUGOKENSKI**

117.   Plaintiff incorporates the preceding paragraphs as if fully restated here.

118.   At all relevant times, Defendant St. Clair Police Department officers, MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI, were present and/or directly participated in the unlawful investigation and prosecution of Plaintiff.

119.   At all relevant times, Defendant St. Clair Police Department officers, MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI, were supervisors of Defendant St. Clair Police Department officers, MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI, and they witnessed and deliberately failed to intervene when Defendant St. Clair Police Department officers, MITCH MORANO, GLEN HARTMAN and/or PAUL DLUGOKENSKI, maliciously instituted prosecution against Plaintiff without probably cause, and as such:

   a. They had actual and/or constructive knowledge that these officers, posed a pervasive and unreasonable risk of constitutional injury to citizens like and including Plaintiff;

b. The response of these supervisory Defendants to that knowledge was so inadequate as to show deliberate indifference to and/or tacit authorization of the alleged offensive practices;

c. Through their conduct, these supervisory Defendants, at a minimum, implicitly authorized, approved, and/or knowingly acquiesced in the unconstitutional conduct of the offending officers; and

d. There was an affirmative causal link between the actions of these supervisory Defendants and the constitutional injuries suffered by Plaintiff.

120. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to the following:

a. Seizure and loss of liberty.

b. Degradation, humiliation, stress, mental anguish, emotional, suffering, and embarrassment, and other psychological and emotional injuries, past and future.

c. Loss of, and damage to, his reputation.

d. Loss of income and business opportunity.

e. Expenses of legal and court fees for his defense.

f. Medical/mental health expenses past and future.

g.  Other injuries, pain and suffering.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff requests the following relief:

a.  A declaration that the aforementioned actions of Defendants violated
Plaintiff's rights under the Fourth and Fourteenth Amendments to the
United States Constitution, 42 U.S.C. § 1983, 42 U.S.C. § 2000a and
M.C.L. § 37.2302.

b.  Appropriate injunctive relief available pursuant to 42 U.S.C. § 2000a.

c.  An award of general and compensatory damages for the violations of
Plaintiff's federal constitutional and statutory rights, pain and suffering,
all to be determined according to proof.

d.  An award of punitive damages as available, pursuant to 42 U.S.C. §
1983 and M.C.L. § 37.2101, *et seq.*

e.  Reasonable attorney fees cost an interest, and all other relief that this
court deems just and proper.

Respectfully submitted,

By:/s/ *Joseph A. Campbell*
**Joseph A. Campbell, II P-82540**
*Campbell Law, PLLC*
Attorney for Plaintiff
42477 Garfield Road
Clinton Township, Michigan 48038
(586) 909-5703
joseph@jacjustice.com

By:/s/ *Holland Locklear*
**Holland Locklear P-82236**
*Law Offices of Holland Locklear, PLLC*
Attorney for Plaintiff
607 Shelby Street, Suite 725
Detroit, Michigan 48226
(833) 424-4466
holland@locklearlegal.com

Dated: November 30, 2023

## **DEMAND FOR JURY TRIAL**

Plaintiff, DWAYNE WEBSTER, by and through his attorneys, Campbell Law, PLLC, and Law Offices of Holland Locklear, PLLC, demands a trial by jury on all counts in the above-captioned matter.

Respectfully submitted,

By:/s/ *Joseph A. Campbell*  
**Joseph A. Campbell, II P-82540**  
*Campbell Law, PLLC*  
Attorney for Plaintiff  
42477 Garfield Road  
Clinton Township, Michigan 48038  
(586) 909-5703  
joseph@jacjustice.com

By:/s/ *Holland Locklear*  
**Holland Locklear P-82236**  
*Law Offices of Holland Locklear, PLLC*  
Attorney for Plaintiff  
607 Shelby Street, Suite 725  
Detroit, Michigan 48226  
(833) 424-4466  
holland@locklearlegal.com

Dated: November 30, 2023